**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED
2026 SEP -8 P 3:08

NATHAN REARDON,

Plaintiff,

Civil Action No.: ______________

v.

UNITED STATES DEPARTMENT OF JUSTICE;
UNITED STATES MARSHALS SERVICE; and
EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS,

Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

Plaintiff Nathan Reardon, proceeding pro se, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Justice ("DOJ"), the United States Marshals Service ("USMS"), and the Executive Office for United States Attorneys ("EOUSA") to comply with two separate FOIA requests seeking records concerning the May 2026 supervised-release revocation episode and Plaintiff's arrest in Maine. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Nathan Reardon is a resident of Maine and is the requester whose FOIA requests are at issue.

2. Defendant DOJ is an agency of the United States subject to FOIA.

3. Defendant USMS is a component of DOJ subject to FOIA and maintains or controls records concerning federal warrants, arrests, prisoner custody, law-enforcement operations, and related communications.

4. Defendant EOUSA is a component of DOJ that administers FOIA requests for records maintained by the United States Attorneys' Offices, including the United States Attorney's Office for the District of Maine.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. FOIA authorizes this Court to enjoin an agency from withholding agency records and to order production of agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in the District of Maine under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in Maine and the requested records concern events occurring in Maine.

## FACTUAL BACKGROUND

8. In May 2026, federal supervised-release revocation proceedings were initiated concerning Plaintiff.

9. The underlying state Protection From Harassment matter was terminated in Plaintiff's favor on May 20, 2026.

10. Plaintiff was arrested by the United States Marshals Service on May 28, 2026.

11. On May 29, 2026, the Probation Office reported that it had learned the underlying Protection From Harassment matter had been dismissed and requested withdrawal of the revocation petition.

12. The circumstances created a need for records showing what information federal actors possessed, when they possessed it, what communications occurred, and how the decision and timing to execute the warrant were determined.

## THE MAY 29, 2026 USMS FOIA REQUEST

13. On May 29, 2026, Plaintiff submitted a written FOIA request seeking USMS records concerning the operation, arrest, warrant execution, transport, custody, communications, participating personnel, and related events.

14. The request sought, among other things, body-worn-camera and other video; photographs; incident and supplemental reports; operational plans; threat or risk assessments; personnel assignments; dispatch, radio, CAD, vehicle, GPS, transport, booking, custody, transfer, and release records; warrant-related records; and interagency communications.

15. The request also sought communications involving USMS, the United States Probation Office, United States District Court personnel, the United States Attorney's Office, and state or local agencies concerning Plaintiff, the warrant, and the timing or decision to execute it.

16. Plaintiff expressly requested preservation of potentially responsive electronic and audiovisual records, including records that could otherwise be overwritten or routinely deleted.

17. The request reasonably described the records sought and provided sufficient information to identify the incident and conduct a search.

18. More than twenty working days have elapsed since the May 29, 2026 request.

19. As of August 9, 2026, USMS has not provided Plaintiff a substantive determination resolving the request and has not produced the requested records.

## THE MAY 31, 2026 USAO/EOUSA FOIA REQUEST

20. On May 31, 2026, Plaintiff submitted a separate FOIA request directed to the United States Attorney's Office for the District of Maine seeking records concerning the same revocation episode, arrest, warrant, and communications among the United States Attorney's Office, Probation, USMS, court personnel, and other involved entities.

21. EOUSA administers FOIA requests for records maintained by individual United States Attorneys' Offices.

22. The May 31 request sought records reasonably calculated to establish what the United States Attorney's Office knew concerning the alleged violation, the state Protection From Harassment proceeding and its disposition, the federal revocation petition, the arrest warrant, execution of the warrant, and the subsequent withdrawal or dismissal of the revocation matter.

23. The request reasonably described the records sought and identified the District of Maine as the United States Attorney's Office likely to maintain responsive records.

24. More than twenty working days have elapsed since the May 31, 2026 request.

25. As of August 9, 2026, Plaintiff has not received a substantive determination resolving the request and has not received the requested responsive records.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. FOIA generally requires an agency to determine within twenty working days after receipt of a request whether it will comply and to notify the requester of that determination, subject to statutory provisions concerning unusual circumstances. 5 U.S.C. § 552(a)(6)(A)-(B).

27. When an agency fails to comply with the applicable time limit, the requester is deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

28. Plaintiff has received no substantive determination that would provide an administrative appeal to pursue as to either request.

29. Because the applicable determination periods have elapsed without substantive determinations, Plaintiff has constructively exhausted his administrative remedies as to both requests.

## COUNT I
## VIOLATION OF FOIA - USMS REQUEST

30. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

31. USMS is required to conduct a reasonable search for responsive agency records and promptly make non-exempt responsive records available.

32. USMS has failed to timely determine Plaintiff's request and has failed to produce responsive non-exempt records.

33. Plaintiff is entitled to declaratory and injunctive relief requiring an adequate search, production of responsive non-exempt records, release of reasonably segregable non-exempt material, and a legally sufficient justification for any withholding.

## COUNT II
## VIOLATION OF FOIA - USAO/EOUSA REQUEST

34. Plaintiff incorporates paragraphs 1 through 33 as though fully set forth herein.

35. EOUSA is the DOJ component responsible for administering FOIA requests for records maintained by United States Attorneys' Offices.

36. EOUSA and DOJ have failed to timely issue a substantive determination concerning Plaintiff's May 31, 2026 request and have failed to produce responsive non-exempt records.

37. Plaintiff is entitled to declaratory and injunctive relief requiring an adequate search of locations reasonably likely to contain responsive District of Maine USAO records, production of responsive non-exempt records, release of reasonably segregable non-exempt material, and a legally sufficient justification for any withholding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**A.** Declare that Defendants failed to comply with FOIA with respect to Plaintiff's May 29 and May 31, 2026 requests;

**B.** Order USMS and EOUSA/DOJ to conduct complete and adequate searches of all locations and systems reasonably likely to contain responsive records;

**C.** Order Defendants to process the requests and produce all responsive non-exempt records within a schedule established by the Court;

**D.** Order Defendants to release all reasonably segregable non-exempt portions of responsive records;

**E.** Require Defendants to identify and justify each withholding with sufficient specificity to permit meaningful judicial review, including a Vaughn index or equivalent submission if necessary;

**F.** Permit in camera review of disputed records if necessary;

**G.** Enjoin Defendants from continuing to withhold responsive records except to the extent specifically authorized by FOIA;

**H.** Order Defendants to preserve all potentially responsive records and electronically stored information pending final resolution of this action;

**I.** Award Plaintiff allowable litigation costs under 5 U.S.C. § 552(a)(4)(E) to the extent authorized by law; and

**J.** Grant such other and further relief as the Court deems just and proper.

Dated: August 9, 2026

Respectfully submitted,

Nathan Reardon, Pro Se
P.O. Box 52
Detroit, Maine 04929
Plaintiff